IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DEBBIE EMBERTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| vs. | ) | 4:10-cv-00132-CDL |
| | ) | |
| THE CBE GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S ANSWER

COMES NOW, The CBE Group, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

## FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## FIFTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

## NATURE OF ACTION

1. Defendant admits that Plaintiff attempts to assert claims under the FDCPA. Defendant denies it violated the FDCPA.

## JURISDICTION AND VENUE

2. Defendant admits that this Court just subject matter jurisdiction over the claims.

3. Defendant denies that venue is proper on the basis that Defendant is not located in the State of Georgia and that the transactions or occurrences forming the basis of Plaintiff's claims originated outside the State of Georgia.

## PARTIES

4. Defendant admits that Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits it is an entity which uses the mails and telephone in the business of attempting to collect unpaid accounts.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits in certain circumstances it may be considered a "debt collector" under the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant admits Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant admits the unpaid account is owed or due to someone other than Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits it uses instrumentalities of interstate commerce and the mails in the business of collecting unpaid accounts. Defendant admits it collects and attempts to collect unpaid accounts owed or due to another.

11. Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

## COUNT I

15. Defendant incorporates by reference the above Paragraphs of this Answer as if fully stated therein.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be

denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of January, 2011.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 244
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| DEBBIE EMBERTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| vs. ) | 4:10-cv-00132-CDL |
| ) | |
| THE CBE GROUP, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed Defendant's Answer with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Craig J. Ehrlich
cehrlich@attorneysforconsumers.com

Respectfully submitted this 9th day of January, 2011.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145